OPINION
{¶ 1} Defendant, Winston Stewart, appeals from his conviction and sentence for possessing crack cocaine, which were entered on his plea of no contest after the trial court overruled Defendant's motion to suppress evidence.
 {¶ 2} On February 19, 2003, at about 12:10 a.m., Dayton police officers Shawn Emerson and Eric Henderson were on patrol in an area of Dayton in the vicinity of Harvard and Bellevue Streets. Officer Emerson later testified that he had made numerous arrests in that area for drugs and weapons violations.
 {¶ 3} Officer Emerson observed a black Buick Regal moving southbound on Bellevue. The Buick's windows were so darkly tinted that, in Officer Emerson's opinion, they clearly violated the legal window tint limits.
 {¶ 4} Officer Emerson initiated a traffic stop for the window tint violation. Although he could discern the outline of two people inside the vehicle, Officer Emerson could not see how many people were in the vehicle until he approached it.
 {¶ 5} When Officer Emerson approached the driver's side of the Buick he observed the driver, Defendant Stewart, use both of his hands to stuff something into his right pants pocket. Officer Emerson was concerned that Defendant might have concealed a weapon.
 {¶ 6} When Officer Emerson knocked on the driver's window, Defendant abruptly turned toward Emerson with a startled, panicked look on his face. While talking to Defendant, Officer Emerson noticed Defendant's hands tremble, and that he was extremely nervous. An open liquor bottle was between the driver and passenger seats.
 {¶ 7} Officer Emerson decided to put Defendant and his passenger in his police cruiser while he recovered the open liquor bottle, checked the windows with a tint meter, and wrote up the necessary citations. After Defendant had produced a valid driver's license, Officer Emerson asked Defendant to get out of the vehicle.
 {¶ 8} Officer Emerson's concerns that Defendant might have a weapon in his pants pocket were heightened because of Defendant's actions and the fact that he was much more nervous than people typically are during traffic stops. For the safety of the officers, Emerson patted Defendant down for weapons before placing him in the police cruiser. Officer Emerson felt something in Defendant's right pants pocket that he immediately recognized as a piece of crack cocaine inside a baggie. Officer Emerson removed the crack cocaine from Defendant's pocket and placed him under arrest for possession of that substance. A subsequent search of the Buick produced a set of digital scales.
 {¶ 9} Defendant was indicted on one count of possessing crack cocaine, R.C. 2925.11(A), and one count of possessing criminal tools, R.C. 2923.24(A). Defendant filed a motion to suppress the evidence, arguing that police had illegally stopped and searched him. Following a hearing, the trial court overruled Defendant's motion to suppress the evidence. Defendant entered a plea of no contest to the cocaine possession charge in exchange for a dismissal of the criminal tools charge. The trial court found Defendant guilty and sentenced him to five years of community control.
 {¶ 10} Defendant timely appealed to this court from his conviction and sentence. He challenges the trial court's decision overruling his motion to suppress evidence.
Assignment of Error
 {¶ 11} "The trial court erred by overruling mr. stewart's motion to suppress the evidence discovered during the illegal seizure and search of his person."
 {¶ 12} Defendant claims, in conclusory fashion and without any argument, that police illegally stopped and searched him because there was no reasonable suspicion of criminal activity to justify the stop of his vehicle, no justification for performing a patdown frisk of Defendant for weapons, and, in any event, the incriminating nature of the contraband in Defendant's pocket was not immediately apparent to Officer Emerson when he patted Defendant's pocket. We disagree, and accordingly we will affirm the judgment of the trial court.
 {¶ 13} Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, confirmed that when a police officer observes a violation of the law, including any traffic offense, that is sufficient justification to stop and detain a motorist, such that no independent reasonable and articulable suspicion of other criminal activity is required under the rule of Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868. See also Whren v. UnitedStates (1996), 517 U.S. 806, 116 S.Ct. 1769.
 {¶ 14} R.C. 4513.241(A) provides that window tinting in motor vehicles must allow a light transmittance of not less than fifty percent, plus or minus three percent. See also Ohio Adm. Code4501-41-03(A)(3).
 {¶ 15} Officer Emerson testified that when he initially observed Defendant's Buick he was reasonably certain, based upon his experience, that the darkly tinted windows violated legal window tint limits. Thus, Officer Emerson had probable cause to stop Defendant's vehicle for the window tint violation, and that stop and seizure was reasonable for Fourth Amendment purposes.Erickson, supra; State v. Arnold (April 12, 2002), Clark App. No. 2001-CA-55. Moreover, consistent with the Fourth Amendment, both the driver and passengers of a lawfully stopped vehicle may be ordered out of the vehicle pending completion of the traffic stop. Pennsylvania v. Mimms (1977), 434 U.S. 106, 98 S.Ct. 330;Maryland v. Wilson (1997), 519 U.S. 408, 117 S.Ct. 882.
 {¶ 16} Authority to conduct a patdown search for weapons does not automatically flow from a lawful stop; a separate inquiry under Terry v. Ohio, supra, is required. State v. Evans,67 Ohio St.3d 405, 409, 1993-Ohio-186. In State v. Phillips,155 Ohio App.3d 149, 2003-Ohio-5742, this court observed:
 {¶ 17} "The point of that inquiry is whether the officer was `justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer and others.' Id., at p. 24. If that justification exists, the officer may reasonably conduct a pat-down search for weapons. `And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch', but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.'Id., at p. 27.
 {¶ 18} "Intertwined with the reasonableness requirement is the companion requirement of Terry that the officer's suspicion must be `articulable.' That connotes more than a mere subjective pronouncement. It requires demonstrable facts which, together with any rational inferences that may be drawn from them, reasonably support a conclusion that the suspect is armed and dangerous. The conclusion is necessary to the independent judicial review that a Fourth Amendment challenge to a pat-down search involves." Id., at paragraphs 22, 23.
 {¶ 19} Defendant's vehicle was stopped at night in an area where Officer Emerson had made numerous arrests for drugs and weapons violations. When Officer Emerson approached Defendant's vehicle he observed Defendant use both hands to stuff something inside his right pants pocket. When Officer Emerson knocked on the driver's window, Defendant abruptly turned toward Emerson with a startled, panicked look on his face. While Officer Emerson talked with Defendant, he noticed Defendant's hands trembling, and that he was extremely nervous, much more so than people typically are during traffic stops.
 {¶ 20} We are enjoined to weigh the facts and circumstances through the eyes of a reasonable prudent police officer on the scene, who must react to events as they unfold, giving due weight to the officer's training and experience, and to view the evidence as it would be understood by persons in law enforcement.State v. Andrews (1991), 57 Ohio St.3d 86. The issue is whether a reasonably prudent man or woman in the circumstances involved would be warranted in the belief that his or her safety was at risk. Terry. If so, the officer may perform a search as a reasonable precaution. Andrews, supra.
 {¶ 21} The totality of these facts and circumstances, and the rational inferences that may be drawn therefrom, when viewed through the eyes of an officer, taking into account this officer's training and experience, are sufficient to support a reasonable suspicion that Defendant might be armed and have a weapon concealed in his pants pocket. Thus, Officer Emerson's pat-down search of Defendant for weapons was constitutionally reasonable.
 {¶ 22} During the course of the pat-down search of Defendant for weapons, when Officer Emerson patted Defendant's right pants pocket, he felt an object that based upon his experience in conducting pat-down searches he immediately concluded was a piece of crack cocaine inside a baggie. Officer Emerson did not have to manipulate the object to determine its identity: he immediately recognized what it was. Officer Emerson immediately removed the piece of crack cocaine from Defendant's pocket and placed him under arrest for possession of that contraband.
 {¶ 23} In Minnesota v. Dickerson (1993), 508 U.S. 366, 375,113 S.Ct. 2130, the United States Supreme Court recognized a "plain feel" exception to the warrant requirement that is analogous to the plain view exception:
 {¶ 24} "When an officer feels an object during aTerry-authorized pat-down and the identity of that object is immediately apparent from the way it feels, the officer may lawfully seize the object if he * * * has probable cause to believe that the item is contraband — that is, if the `incriminating character' of the object is `immediately apparent.'"
 {¶ 25} Officer Emerson testified that he has performed over twenty pat-down searches for weapons in which he has felt crack cocaine in the person's pocket. The record demonstrates that when Officer Emerson felt the object in Defendant's right pants pocket, based upon his previous experience, he immediately recognized it and concluded that the object was crack cocaine. The incriminating nature of the object was immediately apparent to Officer Emerson, and thus he had probable cause to believe the item was contraband and remove it from Defendant's pocket.Dickerson, supra; State v. Phillips, supra. This search and seizure did not violate Defendant's Fourth Amendment rights.
 {¶ 26} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.