{¶ 6} I respectfully dissent. Because Officer Saco testified that he immediately recognized the object in defendant's pocket to be two rocks of crack cocaine, this search and seizure did not violate Defendant's Fourth Amendment rights.
 {¶ 7} In Minnesota v. Dickerson (1993), 508 U.S. 366, 375,113 S.Ct. 2130, 124 L.Ed.2d 334, the United States Supreme Court recognized a "plain feel" exception to the warrant requirement that is analogous to the plain view exception:
 {¶ 8} "When an officer feels an object during a Terry-authorized pat-down and the identity of that object is immediately apparent from the way it feels, the officer may lawfully seize the object if he * * * has probable cause to believe that the item is contraband — that is, if the `incriminating character' of the object is `immediately apparent.'"
 {¶ 9} However, the Court cautioned that the officer may not manipulate the object, which he has previously determined not to be a weapon, in order to ascertain its incriminating nature. Id. at 378. The incriminating nature of the object must be "immediately apparent" and give rise to probable cause to believe the item is contraband. Id.
 {¶ 10} In Minnesota v. Dickerson, supra, the Court noted that the arresting officer testified as follows:
 {¶ 11} "I felt a lump, a small lump, in the front pocket. I examined it with my fingers and it slid and it felt to be a lump of crack cocaine in cellophane."
 {¶ 12} The Court then concluded that the plain feel exception was inapplicable and noted:
 {¶ 13} "* * * the Minnesota Supreme Court, after `a close examination of the record,' held that the officer's own testimony `belies any notion that he "immediately"' recognized the lump as crack cocaine. See481 N.W.2d at 844. Rather, the court concluded, the officer determined that the lump was contraband only after `squeezing, sliding and otherwise manipulating the contents of the defendant's pocket' — a pocket which the officer already knew contained no weapon."
 {¶ 14} Similarly, where the officer testifies that he merely suspects that the object is crack cocaine and then manipulates it further, an unreasonable search and seizure has occurred. State v. Lander (January 21, 2000), Montgomery App. No. 17898. See, also, State v. Robinson,
Hamilton App. No. C-000135.
 {¶ 15} If, however, the officer establishes that the incriminating nature of that object was immediately apparent to him, he may permissibly retrieve that contraband. State v. Phillips, 155 Ohio App.3d 149,2003-Ohio-5742, 799 N.E.2d 653; State v. Stewart, Montgomery App. No. 19961, 2004-Ohio-1319; State v. Bostick, Cuyahoga App. No. 81900, 2003-Ohio-3252; State v. Chancellor (Jan. 21, 2000), Montgomery App. No. 17560.
 {¶ 16} In this instance, Officer Saco testified that he has made over 2,500 arrests for possession of crack cocaine and touches it "almost daily." (Tr. 15). As to this particular matter, he stated that he "knew that they were crack cocaine immediately" (Tr. 15) and "as soon as my hand touched that piece of paper in her pocket I immediately recognized it to be two rocks of crack cocaine." (Tr. 14).
 {¶ 17} I would therefore conclude that he did not conduct an unreasonable search or seizure and that defendant's Fourth Amendment rights were not violated.