JOURNAL ENTRY AND OPINION
{¶ 1} After entering a plea of no contest to a charge of possession of more than a gram of crack cocaine, defendant-appellant Antoine L. Mapson appeals from the trial court's decision to deny his motion to suppress evidence.
 {¶ 2} Mapson argues that the police officers exceeded the scope of a stop made pursuant to Terry v. Ohio (1968),392 U.S. 1 by asking him a question without first advising him of his right to remain silent after patting down his person. Mapson additionally argues that, despite his incriminating statement in response to the question, the officers nevertheless should have obtained a warrant prior to searching his person a second time.
 {¶ 3} Upon a review of the transcript of the suppression hearing in conjunction with the applicable legal standards, this court cannot agree with Mapson's arguments. Consequently, the trial court's order is affirmed.
 {¶ 4} Cleveland Police patrol officer John Douglas testified that just before midnight on June 12, 2005 he and his partner received a dispatch to respond to the area of East 83rd Street and Cedar Avenue for a complaint of a fight between a male and a female. Douglas indicated the descriptions of the participants were general in nature; the man wore "jean shorts" and the woman's shirt was orange.
 {¶ 5} Upon their arrival in the area, Douglas stated he observed a man and a woman arguing in the middle of the street. Their clothing was similar to the clothing described in the dispatch. He stopped the police car near the couple.
 {¶ 6} While his partner approached the woman, Douglas asked the man, later identified as Mapson, to approach the patrol car. As Mapson complied with that request, Douglas additionally instructed him to place his hands on the car. Douglas then patted down Mapson for weapons.
 {¶ 7} Although Douglas failed to discern a weapon during the search, he did feel something in one of Mapson's pockets. He therefore asked Mapson if he had "anything" on him. Mapson responded by stating he had a "bag of marijuana in his left pocket."
 {¶ 8} Upon hearing this, Douglas reached into that pocket and extracted a bag. Rather than marijuana, however, the bag appeared to contain rocks of crack cocaine. At that point, Douglas placed Mapson under arrest for drug possession.
 {¶ 9} Mapson subsequently was indicted on one count of possession of crack cocaine in an amount between one and five grams. He entered a not guilty plea and later filed a motion to suppress evidence.
 {¶ 10} At the hearing on Mapson's motion, the court heard testimony from Douglas and his partner, Officer George Redding, and from Mapson's woman companion. The court thereafter denied Mapson's motion.
 {¶ 11} Mapson ultimately entered a plea of no contest to the charge. The trial court found him guilty of the charge and sentenced him to a six-month term of incarceration.
 {¶ 12} Mapson appeals with the following assignment of error:
 {¶ 13} "The trial court erred when it failed to suppress the contraband taken from the pocket of the defendant pursuant to a search without a warrant."
 {¶ 14} Mapson argues that the trial court improperly denied his motion to suppress evidence. Apparently conceding that Douglas' stop, made pursuant to Terry v. Ohio, supra, was justified, he contends that Douglas exceeded the scope of a permissible investigative stop by asking him a question after conducting the pat-down search, because he was then in police custody for purposes of Miranda v. Arizona (1966),384 U.S. 436. He further contends that upon receiving an incriminating answer to that question, Douglas should not have conducted an additional search of his person without first obtaining a warrant. This court disagrees.
 {¶ 15} When determining a motion to suppress evidence, the trial court acts as the trier of fact; hence, it is in the best position to resolve factual issues and evaluate the credibility of witnesses. State v. McEndree, Ashtabula App. No. 2004-A-0025, 2005-Ohio-6909, ¶ 22, citing State v. Mills
(1992), 62 Ohio St.3d 357, 366. The trial court in this case, therefore, must have considered Douglas' testimony truthful in describing the stop.
 {¶ 16} Terry permits a police officer to detain a person briefly to investigate the circumstances that provoked the suspicion. McEndree, ¶ 27, citing Berkemer v. McCarty (1984),468 U.S. 420, 442. Thus, the officer may ask a moderate number of questions which are designed to "obtain information confirming or allaying" the officer's suspicions or fears. Berkemer, supra. The officer's inquiry must be "reasonable" in scope. Terry, at 29.
 {¶ 17} Miranda warnings are designed to advise a party of his right against "compelled" self-incrimination. State v.King, Ashtabula App. No. 2003-A-0018, 2004-Ohio-2598, ¶ 17. Therefore, a person is entitled to Miranda warnings only when that person is in police "custody," i.e., when the person is deprived of his freedom in a "significant" way. State v. Gaston
(1996), 110 Ohio App.3d 835, 842.
 {¶ 18} Since an investigatory detention is ordinarily "non-threatening [in] character" to the person detained, Terry
stops are not subject to the requirements of Miranda; the person detained is not "obligated to respond." Berkemer,
439-440. The United States Supreme Court, therefore, has held that "persons temporarily detained pursuant to Terry stops are not `in custody' for the purposes of Miranda." Id.
 {¶ 19} According to Douglas, the pat-down search was made for "officer safety" reasons, so that he could focus his attention on whether Mapson and the woman were the subjects of the dispatch.Terry permits a police officer, for his own protection, to conduct a reasonable search for weapons when a person is detained. State v. Cammon, Cuyahoga App. No. 81276, 2002-Ohio-6334, ¶ 19. In view of the lateness of the hour, the nature of the dispatch, and the apparent acrimony between Mapson and the woman, Douglas' pat-down search of Mapson for weapons was reasonable. Id., ¶¶ 20-24; see also, State v. King, supra at ¶ 13.
 {¶ 20} Douglas testified that during the pat-down search, he felt something in Mapson's pocket. Unsure of what the object was, Douglas simply made a verbal inquiry regarding the presence of any potentially dangerous items.
 {¶ 21} This inquiry did not fall afoul of either Terry orMiranda, because it "was the least intrusive means by which [the officer] could neutralize the potential threat" that remained. State v. McMillin, Huron App. No. H-04-018,2005-Ohio-2096, ¶ 41; State v. King supra at ¶ 19. No evidence indicated Mapson's "will was overborne" by the inquiry; rather, the evidence indicated Mapson "volunteered the information" in response to a reasonable question. State v. McEndree, supra at ¶ 33; State v. Cammon, supra at ¶ 29.
 {¶ 22} Since Douglas' investigatory stop of Mapson "did not rise to the level of a custodial arrest," his question of whether Mapson had "anything" on his person did not "trigger the requirement of Miranda warnings." Id. Mapson's answer, viz., that he was carrying a type of illegal contraband, in turn, gave Douglas cause immediately to remove the item from Mapson's pocket. State v. King, supra at footnote 3.
 {¶ 23} Under these circumstances, the trial court correctly denied Mapson's motion to suppress evidence. Id., ¶ 20; State v.Cammon, supra, ¶ 29.
 {¶ 24} Mapson's assignment of error, accordingly, is overruled.
 {¶ 25} The trial court's order is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.