JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Hugh Wilson ("Wilson"), appeals the trial court's denial of his motion to suppress evidence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Wilson was charged with possession of drugs. He filed a motion to suppress evidence, which the trial court denied after a full hearing. Wilson pled no contest, was found guilty by the trial court, and was sentenced to one year of community control sanctions.
 {¶ 3} The following evidence was presented at the hearing on the motion to suppress.
 {¶ 4} In November 2005, Cleveland Metropolitan Housing Authority ("CMHA") police responded to a CMHA-owned apartment building to investigate suspected drug activity in apartment 604. CMHA had received complaints from apartment management and anonymous letters from residents about suspected drug activity in Wilson's apartment.
 {¶ 5} Detectives Harris and Stringfellow responded to the apartment and knocked on the door. Wilson answered the door. The police asked if they could come inside, and Wilson allowed them to enter his apartment. Immediately upon entering the apartment, as Det. Harris informed Wilson of the complaints about drug activity at his apartment, the detective observed Wilson clench his left hand. Det. Harris saw a tubular object in Wilson's left hand before Wilson shoved his hand in his pocket. Although Det. Harris could see that Wilson clenched what appeared to be drug paraphernalia, he could not specifically identify the object. *Page 3 
 {¶ 6} Det. Harris immediately ordered Wilson to stop moving his hands and place them on top of his head. The detective informed Wilson that he needed to pat him down for officer safety. Det. Harris performed a pat-down and felt an object in Wilson's pants pocket. The detective asked Wilson what was in his pocket, and Wilson admitted that it was a crack pipe which he was hiding because he did not want to "get into trouble." As Det. Harris extracted a small glass pipe from Wilson's pocket, two pieces of paper came out with the pipe. The detective set the pipe and papers on the table. When the detective went to separate the pipe from the papers, a rock of suspected crack cocaine fell from the papers. The rock later tested positive for crack cocaine and weighed .10 grams.
 {¶ 7} The trial court, in denying the motion to suppress, found:
 {¶ 8} "[B]ased on the observations of Det. Harris and [the]defendant's statements, Det. Harris was aware that defendant had placeddrug paraphernalia (a crack pipe) in his pants pocket while they spokeat his apartment table. The retrieval and seizure of the crack pipe was,therefore, a valid warrantless search because Det. Harris had probablecause to believe the items [were] contraband. State v. Phillips(2003), 155 Ohio App.3d. 144, 160, 2003-Ohio-5742.
 {¶ 9} In retrieving the crack pipe, the rock of cocaine at issue fellout of [the] defendant's pocket and onto the table. At that point, therock of cocaine was in plain view and the incriminating nature of thecontraband was immediately apparent to Det. Harris. For this reason,[the] defendant's Fourth Amendment rights were not violated and nounreasonable search or seizure occurred. * * *" *Page 4 
 {¶ 10} Wilson is now challenging the validity of the search. In his sole assignment of error, he argues that the trial court erred in overruling the motion to suppress.
 {¶ 11} At a hearing on a motion to suppress, the trial court functions as the trier of fact, inasmuch as the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of the witnesses. State v. Mills (1992),62 Ohio St.3d 357, 582 N.E.2d 972. On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7. After accepting such factual findings, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. State v. Lloyd (1998),126 Ohio App.3d 95, 709 N.E.2d 913.
 {¶ 12} Wilson first argues that Det. Harris did not have probable cause to search him when the cause for the search "was based only upon nervous activity." He also argues that the police exceeded the scope of Wilson's consent by searching him. We disagree.
 {¶ 13} First, we look at whether the pat-down search of Wilson was justified. In the seminal case of Terry v. Ohio (1960), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that an officer may conduct a limited protective search of a detainee's person for concealed weapons provided the officer has reasonable suspicion that his safety, or the safety of others, is in danger. Garfield *Page 5 Hts. Metro. Park Dist v. Skerl (1999), 135 Ohio App.3d 586, 592,735 N.E.2d 27. The proper inquiry is whether the officer reasonably determines that the detainee is armed and presently dangerous to the officer or others. State v. Hoskins, Cuyahoga App. No. 80384, 2002-Ohio-3451. An officer's reasonable suspicion must be supported by specific and articulable facts and circumstances which, together with any rational inferences that may be drawn therefrom, reasonably support a conclusion that the detainee is armed and dangerous. State v.Gammons, Cuyahoga App. No. 87268, 2006-Ohio-4766, citing, State v.Stewart, Montgomery App. No. 19961, 2004-Ohio-1319.
 {¶ 14} A court measures the reasonableness of an officer's actions by reviewing the "totality of circumstances." State v. Robinette (1996),519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347; State v. Bobo (1988),37 Ohio St.3d 177, 179, 524 N.E.2d 489. A reviewing court must give due weight to the experience and training of the investigating officer, and view the evidence as it would be understood by those in law enforcement.State v. Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044. Furtive movements can provide an officer with the reasonable suspicion required to continue the detention because the potential of attack portrays possible criminal activity. State v. Sears, Montgomery App. No. 20849,2005-Ohio-3880.
 {¶ 15} With regard to the pat-down search in the instant case,Terry allows such a search if Det. Harris was justified in believing that Wilson may be armed and *Page 6 
presently dangerous. Det. Harris testified that he patted down Wilson "for officer, and everyone's, safety."
 {¶ 16} Wilson argues that the police exceeded the scope of his consent to enter his apartment by searching him. We disagree. When the detective entered Wilson's apartment, he immediately saw a small tubular object in Wilson's hand. The detective testified that Wilson made furtive movements, clenching the item and putting it in his pocket. Det. Harris testified that he told Wilson to stop moving his hands and that, based on the circumstances, he should perform a pat-down search. Det. Harris further testified on cross-examination that he patted down Wilson because "of the different weapons that we see — come across, some of them are smaller than a half inch to two inches. We will be very safe."
 {¶ 17} Thus, we find that it was justifiable, for officer safety, that Wilson be patted down.
 {¶ 18} Second, Wilson argues that Det. Harris was constitutionally prohibited from retrieving the crack pipe from Wilson's pocket after the pat-down. We disagree.
 {¶ 19} Det. Harris testified that, upon touching Wilson's left pocket, he "felt the tube and knew it had to be some type of smoking device, the way he was holding [it] in his hand. I asked what did he have in his pocket. He stated that he had a crack pipe in his pocket [and] that's what he was trying to hide because he didn't want to get in trouble." When, during the pat-down Det. Harris felt what he believed to be a *Page 7 
crack pipe, he was justified in confiscating it under the "plain touch" doctrine enunciated in Minnesota v. Dickerson (1993), 508 U.S. 366,124 L. Ed. 2d 334, 113 S. Ct. 2130; see also State v. Evans,67 Ohio St.3d 405, 1993-Ohio-186, 618 N.E.2d 162, footnote 5.
 {¶ 20} Wilson's statement, coupled with the plain feel of the object in his pocket, gave Det. Harris probable cause to believe that the object was illegal drug paraphernalia.[1] Once Wilson indicated that he was carrying illegal contraband, his admission gave the detective probable cause to immediately remove the item from his pocket.Mapson, supra at 4|22, citing State v. King, Ashtabula App. No. 2003-A-0018, 2004-Ohio-2598.
 {¶ 21} Third, we find that the seizure of the crack cocaine was justified.[2] Det. Harris testified that, as he retrieved the crack pipe, two pieces of paper came out of Wilson's pocket. He laid the pipe and papers on a table and, while separating the pipe from the papers, a rock of crack cocaine fell from the papers and into plain view. "In order for evidence to be seized under the plain view exception to the search warrant requirement it must be shown that (1) the initial intrusion which afforded the *Page 8 
authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities." State v. Williams
(1978), 55 Ohio St.2d 82, 377 N.E.2d 1013.
 {¶ 22} The test set forth in Williams is clearly met in this case. As discussed above, the intrusion was lawful. The discovery of the rock of crack cocaine was inadvertent, because the rock fell from papers taken out of Wilson's pocket. And the incriminating nature of the rock was immediately apparent to the detective's trained eye.
 {¶ 23} Therefore, we find that the search of Wilson and seizure of the drugs was lawful, and the trial court properly overruled the motion to suppress.
 {¶ 24} The assignment of error is overruled.
 {¶ 25} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
KENNETH A. ROCCO, J. and MARY EILEEN KILBANE, J. CONCUR
[1] Wilson does not challenge the propriety of the detective's question regarding what he had in his pocket. See State v. Mapson, Cuyahoga App. No. 97409, 2006-Ohio-5248 (holding that an inquiry to what was in the defendant's pocket was proper and that the defendant volunteered the information in response to a reasonable question.
[2] Although Wilson does not specifically argue about the seizure of the crack cocaine, he claims that the evidence obtained from the search should have been suppressed, which would include the rock of crack cocaine. *Page 1