JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Charles Fowler, appeals the denial of his motion to suppress from the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Fowler was indicted with one count of carrying a concealed weapon, a felony of the fourth degree. Fowler filed a motion to suppress, and a hearing was held.
 {¶ 3} Detective Anthony Spencer, from the Cleveland Police Fifth District Vice Unit, testified that on October 14, 2007, he and several other detectives were conducting underage liquor buys from stores because of complaints of underage liquor sales. One such buy was conducted at the store where Fowler worked in Cleveland, Ohio. After the sale was completed, Det. Spencer and the other detectives entered the store.
 {¶ 4} Det. Spencer testified that Lieutenant Barrow immediately identified himself as a Cleveland police officer to the two men behind the counter, including Fowler, who sold to the underage customer. The other male let the detectives go behind the counter, which was protected by bulletproof glass. The men behind the counter were told to put their hands up. Fowler did not comply and turned away from Det. Spencer; Fowler's hands were not visible. Det. Spencer testified that Fowler's movements made him nervous, and he feared for his safety as well as the safety of Lt. Barrow, so he patted down Fowler for weapons. *Page 4 
 {¶ 5} Det. Spencer asked Fowler if he had anything on him; Fowler did not respond. Det. Spencer testified that he located a loaded 9-mm handgun in the front of Fowler's waistband. He testified that Fowler was very apologetic and stated that the gun belonged to the store and that he was not going to do anything with it. Fowler was placed under arrest.
 {¶ 6} Fowler testified on his own behalf. He testified that he did not sell alcohol to anyone who was underage. He claims that he did not turn away from the officers and did not have a gun on his person. Fowler testified that the gun was located under the counter.
 {¶ 7} The trial court denied Fowler's motion to suppress. Fowler pled no contest, and the trial court entered a finding of guilt. This appeal followed. Fowler asserts one assignment of error for our review, which states the following:
 {¶ 8} "The trial court erred in overruling appellant's motion to suppress where the search violates appellant's rights against unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution and Section 14, Article I of the Ohio Constitution."
 {¶ 9} Fowler complains that there is no evidence that he was armed and dangerous and thus the pat-down search for weapons was unlawful.
 {¶ 10} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. See State v. *Page 5 Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. Burnside, supra. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 11} The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. Unless an exception applies, warrantless searches are per se unreasonable.Katz v. United States (1967), 389 U.S. 347, 357. One exception was announced by the United States Supreme Court in Terry v. Ohio, where the Court balanced the right to be free from unreasonable searches against the need to protect the police and the public. Terry v. Ohio (1968),392 U.S. 1. Under Terry, a police officer may frisk a detainee's outer clothing for concealed weapons when the officer has a reasonable suspicion that the suspect is armed and dangerous. Id. at 27.
 {¶ 12} The standard to perform an investigative search, like the standard for an investigatory stop, is an objective one based on the totality of the circumstances. Id. The proper inquiry is whether the officer reasonably determines that the detainee is armed and presently dangerous to the officer or others. State v. Hoskins, Cuyahoga App. No. 80384, 2002-Ohio-3451. Reasonable suspicion must be supported by specific and articulable facts and circumstances which, together with any rational inferences that may be drawn therefrom, reasonably support a conclusion that the detainee is armed and dangerous. State v.Stewart, Montgomery App. No. 19961, *Page 6 2004-Ohio-1319. The officer need not be absolutely certain that the individual is armed, and neither must he be in fear of imminent harm. Rather, the issue is whether a reasonably prudent person in those circumstances would be warranted in the belief that his safety or the safety of others was in danger. Terry, supra.
 {¶ 13} Fowler argues that merely turning away from the detective does not justify a pat-down search. We agree that this action by itself is essentially benign. However, we are required to examine all the facts as a whole when reviewing whether the trial court erred in granting a motion to suppress. State v. Bobo (1988), 37 Ohio St.3d 177.
 {¶ 14} Here, the detectives were investigating underage liquor sales. The males were locked behind bulletproof glass. After one male let the detectives behind the counter, the males were told to put their hands up; Fowler did not comply. Instead, Fowler turned away from the detectives. Det. Spencer testified that when Fowler turned away, he could not see Fowler's hands and Det. Spencer became concerned for his and the other detective's safety. Also, Fowler did not respond when asked if he had anything on him.
 {¶ 15} We find that the trial court did not err when it found the search to be lawful. Accordingly, Fowler's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR *Page 1