[Cite as *State v. Belvin*, 2014-Ohio-3634.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25987 |
| v. | : | T.C. NO. 13CR1988 |
| DANIEL C. BELVIN | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____22nd_____ day of _____August_____, 2014.

. . . . . . . . . .

APRIL CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

DANIEL C. BELVIN, 5508 Bigger Road, Apt. G., Dayton, Ohio 45440
    Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

**{¶ 1}** After the trial court overruled his motion to suppress evidence, Daniel C. Belvin pled no contest to improper handling of a firearm in a motor vehicle (loaded/no license), a fourth-degree felony. The trial court found him guilty and imposed mandatory community control for a period not to exceed five years. Belvin appeals from his conviction. For the following reasons, the trial court's judgment will be affirmed.

**{¶ 2}** Belvin's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth one potential assignment of error, namely that the trial court misinterpreted R.C. 4511.37, the statute regarding U-turns, and should have granted the motion to suppress. By entry, we informed Belvin that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed. The matter is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

**{¶ 3}** Appellate counsel's sole assignment of error concerns the trial court's denial of Belvin's motion to suppress. The evidence at the suppression hearing established that in the "very, very early" morning hours of July 1, 2013, Belvin was driving westbound on Needmore Road, a divided four-lane road, and made a U-turn from the left turn lane at the intersection of Needmore Road and Northcrest Drive. Dayton Police Officers Patterson and Fero were parked in a marked cruiser in a parking lot located at that intersection, less than 100 feet away, and they observed Belvin's U-turn. The officers believed that Belvin had made an illegal U-turn, because the intersection was at "the beginning of a graded curve," and the road curved down as it continued westward. Officer Patterson testified that

Belvin's vehicle would not be visible to oncoming traffic (coming up the hill and curve) within 500 feet. (On cross-examination, Officer Patterson reviewed a video created, after the fact, by Belvin, which showed the topography and distances between Northcrest Drive and Frederick Pike, the next major intersection heading westbound on Needmore Road.) The intersection did not have a "No U-Turn" sign.

{¶ 4} The officers followed Belvin's vehicle to a nearby gas station where Belvin stopped. The officers initiated a traffic stop. Within seconds of approaching the passenger side of the vehicle, Officer Patterson observed a shotgun lying on the floor behind the front seats. The officer retrieved the weapon and found it was loaded. Belvin was subsequently charged with improper handling of a firearm in a motor vehicle.

{¶ 5} Belvin testified at the suppression hearing and acknowledged that he had made the U-Turn. He stated that, approaching the intersection from the west, he would be able to see all four lanes and the median from "at least almost two football fields," which he clarified to be approximately one and three-quarters football fields. Belvin stated that, "[i]f anyone was on that road at that time, I would have been able to see their headlights with well enough distance."

{¶ 6} Belvin moved to suppress the evidence, claiming that the police lacked "probable cause" to initiate the traffic stop. The trial court denied the motion, concluding Officer Patterson had probable cause to believe that Belvin had violated the U-turn statute, which justified the stop. The court found that the gun was in plain view, and there were no Fourth Amendment violations in the stop or the observation of the shotgun.

{¶ 7} In addressing a motion to suppress, the trial court assumes the role of the

trier of fact. *State v. Morgan*, 2d Dist. Montgomery No. 18985, 2002-Ohio-268, citing *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). The court must determine the credibility of the witnesses and weigh the evidence presented at the hearing. *Id*. In reviewing the trial court's ruling, an appellate court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. *Id*. However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." *Id.*

{¶ 8} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A police officer may stop and detain a motorist when he or she has a reasonable and articulable suspicion that the motorist has committed, is committing, or is about to commit any criminal offense, including a traffic offense, and no independent reasonable and articulable suspicion of other criminal activity is required under *Terry*. *State v. Stewart*, 2d Dist. Montgomery No. 19961, 2004-Ohio-1319, ¶ 13; *Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996). We determine the existence of reasonable suspicion by evaluating the totality of the circumstances, considering those circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Heard*, 2d Dist. Montgomery No. 19323, 2003-Ohio-1047, ¶ 14, quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991). The officer must have more than an inchoate hunch or suspicion to justify an investigatory stop.

{¶ 9} R.C. 4511.37(A), which governs U-turns, provides:

(A) Except as provided in section 4511.13 and division (B) of this section, no vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to or near the crest of a grade, if the vehicle cannot be seen within five hundred feet by the driver of any other vehicle approaching from either direction.

Officer Patterson testified that oncoming traffic would not be able to see Belvin's U-turn while within 500 feet, whereas Belvin testified that oncoming traffic could see approximately one and three-quarters football fields (or approximately 525 feet).

{¶ 10}  In denying Belvin's motion, the trial court noted that Officer Patterson testified that he believed that oncoming traffic could not have clearly seen Belvin's vehicle and that a violation of R.C. 4511.37(A) had occurred.   The court found that, from the video, "it's reasonable to conclude that a reasonable officer would have believed that a violation of this statute occurred."   Although probable cause is not required, the court concluded that probable cause existed for the stop.    Given Officer Patterson's testimony and the evidence concerning the topography of the area involved, we find no potentially meritorious argument that the trial court erred in concluding that the traffic stop was justified.   We further conclude that any claim based on the officers' seizure of the shotgun would be frivolous.

{¶ 11}  In accordance with *Penson*, we have independently reviewed the entire record, including Belvin's plea hearing and sentencing.   Based on our review, we agree with appellate counsel that there are no potentially meritorious issues for appeal and that this appeal is wholly frivolous.   The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

April Campbell
John S. Pinard
Daniel C. Belvin
Hon. Mary Katherine Huffman