JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Thomas Jenkins, appeals his conviction. Finding merit to the appeal, we reverse.
 {¶ 2} In 2007, Jenkins was charged in a five-count indictment with drug trafficking, drug possession, having a weapon while under a disability, possessing criminal tools, and carrying a concealed weapon. The drug counts were accompanied by one-year gun specifications. The matter proceeded to a jury trial at which the following evidence was adduced.
 {¶ 3} In June 2007, Cleveland police responded to a call regarding shots fired at 9716 Lamontier. As police approached the house, they observed a man, later identified as Jenkins, walking away from the driveway. Jenkins appeared to be holding something near his waistband, which officers thought could be a weapon. Sgt. Michael Baker, Det. Luther Roddy, and Det. John Hall exited their car and approached Jenkins with guns drawn, telling him to stop and show his hands. Det. Roddy patted down Jenkins but found no weapon.
 {¶ 4} Jenkins showed the police his identification and told them that he had walked to his cousin's house to play basketball. Det. Roddy took car keys from Jenkins's pocket and asked him if the keys belonged to the Blazer parked in the driveway. Jenkins denied the keys belonged to the vehicle, but Det. Hall activated the keyless entry and the vehicle's lights flashed. Jenkins then admitted he had been driving the SUV. As Det. Hall approached the vehicle, he could smell *Page 4 
marijuana. The detective observed a black plastic bag in the back seat of the vehicle. Det. Hall opened the rear door, opened the bag, and discovered a handgun and seven bags of marijuana, weighing a total of three and one-half pounds. Det. Hall advised Jenkins of hisMiranda rights, and Jenkins admitted that the drugs and gun belonged to him.
 {¶ 5} The jury convicted Jenkins of all charges. The trial court sentenced him to three years in prison.
 {¶ 6} Jenkins appeals, raising three assignments of error for our review. In his first assignment of error, he argues that his counsel was ineffective for failing to file a motion to suppress.
 {¶ 7} To succeed on a claim of ineffective assistance, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel will only be considered deficient if his or her conduct fell below an objective standard of reasonableness. Strickland at 688. When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance." Id. at 689. To establish resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. at 694. *Page 5 
 {¶ 8} Failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, 721 N.E.2d 52, quoting Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based upon the record, the motion would have been granted. State v.Robinson (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077. Thus, we must determine whether a motion to suppress would have been granted based on the above cited facts.
 {¶ 9} In the seminal case of Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court held that an officer may conduct a limited protective search of a detainee's person for concealed weapons provided the officer has reasonable suspicion that his safety, or the safety of others, is in danger. Garfield Hts. v.Skerl (1999), 135 Ohio App.3d 586, 592, 735 N.E.2d 27. The proper inquiry is whether the officer reasonably determines that the detainee is armed and presently dangerous to the officer or others. State v.Hoskins, Cuyahoga App. No. 80384, 2002-Ohio-3451. An officer's reasonable suspicion must be supported by specific and articulable facts and circumstances which, together with any rational inferences that may be drawn therefrom, reasonably support a conclusion that the detainee is armed and dangerous. State v. Gammons, Cuyahoga App. No. 87268,2006-Ohio-4766, citing State v. Stewart, Montgomery App. No. 19961,2004-Ohio-1319. *Page 6 
 {¶ 10} A court measures the reasonableness of an officer's actions by reviewing the "totality of the circumstances." Ohio v. Robinette (1996),519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347; State v. Bobo (1988),37 Ohio St.3d 177, 179, 524 N.E.2d 489. A reviewing court must give due weight to the experience and training of the investigating officer, and view the evidence as it would be understood by those in law enforcement.State v. Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044. Furtive movements can provide an officer with the reasonable suspicion required to continue the detention because the potential of attack portrays possible criminal activity. State v. Sears, Montgomery App. No. 20849,2005-Ohio-3880.
 {¶ 11} With regard to the pat-down search in the instant case,Terry allows such a search if the officers were justified in believing that Jenkins may be armed and presently dangerous. Det. Roddy testified that the officers observed Jenkins walk out of the driveway of the house where shots were reportedly fired. Jenkins had his hands to his sides as though he was holding something, so the officers patted him down to see if he had a weapon. Both Det. Hall and Sgt. Baker testified that based on their experience and training, they thought Jenkins might be holding a weapon. Sgt. Baker testified that Jenkins made furtive glances in all directions. We find, based on the totality of the circumstances, that the officers were justified in the initial pat-down of Jenkins. *Page 7 
 {¶ 12} Det. Roddy then asked Jenkins where he was coming from and if he could produce some identification. Jenkins answered that he was coming from his cousin's house and showed the detective his identification. The detectives then proceeded to question Jenkins about how he got to his cousin's house and Jenkins told them he was dropped off. Det. Roddy then reached into Jenkins's pants pockets and removed car keys. The appellant then changed his story, stating that he had driven to his cousin's house and the keys belonged to his car that was parked around the corner. Once Det. Hall activated the keyless entry, Jenkins changed his story again and admitted that he had driven the SUV parked in the driveway.
 {¶ 13} We find that once Det. Roddy was satisfied that Jenkins was unarmed and that he did not possess any contraband which was immediately apparent, the officer was not permitted to search him further. SeeMinnesota v. Dickerson (1993), 508 U.S. 366, 124 L.Ed.2d 334,113 S.Ct. 2130 (holding that an officer conducting a lawful Terry search, may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through his sense of touch.) Obviously, car keys are not contraband and Det. Roddy did not indicate he thought the keys were some sort of contraband when he patted down Jenkins.
 {¶ 14} The pat-down of Jenkins exceeded the scope of an allowable search when Det. Roddy went into Jenkins's pocket and retrieved the car keys. The detective had no justification for reaching into Jenkins pocket; that act went beyond *Page 8 
the scope of what is permitted in a pat-down. State v. Thompson (1995),103 Ohio App.3d 498, 503-504, 659 N.E.2d 1297; see, also, State v.Deadwiley, Cuyahoga App. No. 81355, 2003-Ohio-297 (holding that once the police satisfied themselves that the defendant was unarmed, they had no justification for reaching into his pocket for his car keys).
 {¶ 15} Thus, the only way in which the police could conceivably justify the search of the vehicle would be under the theory that they would have otherwise approached the SUV and smelled the marijuana.[1]
Although the police would have probable cause to search the vehicle once they smelled marijuana emanating from it, the State did not offer any evidence at trial that the officers still would have approached the car without Jenkins's admission that he was driving the car or that the officers would have otherwise inevitably discovered the drugs and gun inside the vehicle.
 {¶ 16} Thus, it follows that any statements made or evidence seized after the police exceeded the scope of a permissible Terry stop must be suppressed as the fruits of an illegal search. See Wong Sun v. UnitedStates (1963), 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441;Deadwiley. *Page 9 
 {¶ 17} We also note that defense counsel failed to file a motion for discovery pursuant to Crim. R. 16 or to bifurcate the charge of having a weapon while under a disability pursuant to Crim. R. 14. Although neither of these omissions alone would constitute ineffective assistance of trial counsel, together they add to the cumulative nature of counsel's errors, because neither omission can conceivably be considered a trial tactic under the facts and circumstances of this particular case.[2]
 {¶ 18} We find Jenkins has established a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Thus, we conclude that Jenkins did not receive effective assistance of counsel as guaranteed by the Sixth Amendment.
 {¶ 19} The first assignment of error is sustained.
 {¶ 20} The second and third assignments of error, which deal with sufficiency and manifest weight of the evidence, are overruled as moot. App. R. 12(A)(1)(c).
 {¶ 21} Accordingly, judgment is reversed, and the case is remanded.
 {¶ 22} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] "The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle." State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10,734 N.E.2d 804
[2] A judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error.State v. DeMarco (1987), 31 Ohio St.3d 191, 509 N.E.2d 1256. Here, counsel's failure to move to suppress evidence rises to the level of prejudicial error. *Page 1