[Cite as *State v. Johnson*, 2013-Ohio-5430.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99656**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DELANO JOHNSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-569113

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

Ashley L. Jones
75 Public Square, Suite 714
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Delano Johnson ("Johnson") appeals his aggravated robbery and kidnapping convictions. We find some merit to the appeal, affirm in part and reverse in part.

{¶2} Johnson was charged with one count of aggravated robbery and one count of kidnapping. Both charges included one- and three-year firearm specifications. At a bench trial, the victim, Joy Thomas ("Thomas"), testified she was walking through a playground at the Outhwaite Estates at approximately 9:30 p.m. when she was approached by three men. One of the men pressed a silver gun into her stomach while another man went through her pockets and took her cell phone and two five-dollar bills. Thomas asked the men to let her keep the cell phone because it contained all her contacts and photographs, and the man who went through her pockets responded: "Shut the fuck up and don't move."

{¶3} After the men took everything from Thomas's pockets, they ordered her to walk away. Thomas walked toward East 55th Street, and the three men walked toward Outhwaite Avenue. Almost immediately, Thomas flagged down Officer Louis Catalani ("Catalani"), reported the robbery, and gave detailed descriptions of the suspects. She described the man who went through her pockets as a male, in his late teens or early twenties, 5'8" tall, wearing a gray knit hat, a black jacket, and black jeans. Catalani broadcast the descriptions of the suspects to other officers in the area.

{¶4} Within minutes, one of the officers observed a suspect matching Thomas's description walking down Outhwaite Avenue at East 43rd Street. Officers stopped the suspect and drove him to a nearby gas station where Thomas and Catalani were completing a police report. Thomas became "very excited" upon seeing the suspect and demanded the return of her cell phone. She recognized the suspect, who was later identified as Johnson, the man who searched her pockets. She told police she was 100 percent certain this was the man.

{¶5} Johnson, who lives in the Outhwaite Estates, testified on his own behalf. He stated that on the night of the robbery he was sleeping until 10:00 p.m. when he left for the store to buy diapers and milk. He denied knowing anything about the robbery and asserted that this was a case of mistaken identity.

{¶6} After hearing the evidence, the court found Johnson guilty of one count of aggravated robbery and one count of kidnapping. The court sentenced Johnson to three years each on the aggravated robbery and kidnapping convictions. Each count carried mandatory three-year prison sentences for gun specifications. The court ordered the sentences for the underlying convictions to run concurrently but consecutive to the mandatory three years on the gun specifications for an aggregate six-year prison term. Johnson now appeals and raises four assignments of error.

**Ineffective Assistance of Counsel**

{¶7} In the first assignment of error, Johnson argues he was denied his Sixth Amendment right to the effective assistance of counsel. He contends his trial counsel

was deficient because she failed to file a motion to suppress Thomas's cold-stand identification of Johnson.

{¶8} To establish ineffective assistance of counsel, a defendant must show that counsel's representation "fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694.

{¶9} Johnson argues trial counsel's failure to file a motion to suppress the cold-stand identification was deficient because there was both a statutory and constitutional basis for suppression. He contends the police violated R.C. 2933.83(B) when they conducted the cold-stand identification. He also contends the identification procedure violated due process because it was unduly suggestive.

{¶10} R.C. 2933.83(B) requires any law enforcement agency that conducts live or photo lineups to adopt specific procedures for conducting the lineups. *State v. Alexander*, 8th Dist. Cuyahoga No. 98941, 2013-Ohio-2533, ¶ 25. However, the failure of a law enforcement agency to comply with the procedures set forth in R.C. 2933.83 does not automatically warrant suppression, and a trial court errs in solely relying on the statute alone in suppressing an identification. *State v. Wells,* 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 84.

**{¶11}** R.C. 2933.83(C)(1) requires the trial court to consider evidence of noncompliance with the statute in ruling on a defendant's motion to suppress. The fact of noncompliance is also admissible to support any claim of eyewitness misidentification at trial. R.C. 2933.83(C)(2). "The 'penalty' for failure to comply with R.C. 2933.83 is a potential jury instruction regarding the noncompliance, not immediate suppression." *Wells* at ¶ 83.

**{¶12}** In determining whether to suppress an out-of-court identification that failed to comply with the procedures outlined in R.C. 2933.83, the court must determine whether the procedure was "impermissibly suggestive." *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In *Neil*, the United States Supreme Court outlined a two-prong analysis for determining if due process has been violated by the use of evidence derived through suggestive identification procedures. First, the court must decide whether the identification procedure was unnecessarily suggestive of the defendant's guilt. *State v. Waddy*, 63 Ohio St.3d 424, 438, 588 N.E.2d 819 (1992), *superseded by constitutional amendment on other grounds*, citing *Neil* at 188. Second, the court must determine "whether, under all the circumstances, the identification was reliable, i.e., whether suggestive procedures created 'a very substantial likelihood of irreparable misidentification.'" *Id.* at 439.

**{¶13}** The presentation of a single suspect for identification is ordinarily discouraged. However, an exception is recognized when the suspect is apprehended at or near the scene of the crime and is presented to the victim or witness shortly thereafter. *State v. Smith*, 8th Dist. Cuyahoga No. 94545, 2011-Ohio-924, citing *State v. Davis*, 8th

Dist. Cuyahoga No. 83033, 2004-Ohio-1908. The focus is on the reliability of the identification, not the identification procedures. *State v. Jells*, 53 Ohio St.3d 22, 26, 559 N.E.2d 464 (1990).

{¶14} In evaluating the reliability of an identification, the court must consider (1) the witness's opportunity to view the individual at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil*, 409 U.S. at 199. Moreover, the defendant bears the burden of demonstrating that the identification procedure was unfairly suggestive. *State v. Freeman*, 8th Dist. Cuyahoga No. 85137, 2005-Ohio-3480, *rev'd on other grounds, In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.

{¶15} The cold-stand identification of Johnson was not impermissively suggestive and did not warrant suppression. Thomas testified that she saw Johnson's entire face as he was searching through her pockets. Although it was night, Johnson's face was eight inches away from Thomas, and there was plenty of light in the playground to see his features and the color of his clothes. Thomas gave police a detailed description of the suspect including his attire, build, and features. Johnson matched the description completely. Police apprehended him near the scene of the crime, and Thomas identified him within 30 minutes. Furthermore, there is no evidence that police suggested the suspect was the individual who robbed her. Under these circumstances, the cold-stand identification was reliable, and a motion to suppress would have been denied. Therefore,

trial counsel's decision not to file a motion to suppress does not constitute ineffective assistance of counsel.

{¶16} The first assignment of error is overruled.

## Sufficiency and Weight of the Evidence

{¶17} In the second and third assignments of error, Johnson argues there was insufficient evidence to support his convictions and that his convictions were against the manifest weight of the evidence. Although the terms "sufficiency" and "weight" of the evidence are "quantitatively and qualitatively different," we will address these issues together, while applying the distinct standards of review to Johnson's arguments. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶18} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶19} In contrast to sufficiency, "weight of the evidence involves the inclination of the greater amount of credible evidence." *Thompkins* at 387. While "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. "In other words, a reviewing court asks whose

evidence is more persuasive — the state's or the defendant's?" *Id.* The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶20} The court found Johnson guilty of aggravated robbery in violation of R.C. 2911.01(A)(1), which states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * have a deadly weapon on or about the offender's person or under the offender's control." Thomas testified that Johnson removed her belongings from her pockets while his accomplice held a gun to her stomach. Although Johnson did not brandish the weapon, he is deemed to have used the weapon under the complicity statute because his accomplice used it to facilitate the offense. *State v. Quarterman*, 8th Dist. Cuyahoga No. 99317, 2013-Ohio-4037, ¶ 18; R.C. 2929.03(A). Therefore, there was sufficient evidence that Johnson committed aggravated robbery.

{¶21} Johnson's aggravated robbery conviction is also supported by the manifest weight of the evidence. Thomas testified she was 100 percent certain Johnson was the one who stole her cell phone and money. In describing the incident, Thomas stated:

> A: I saw them the entire time. The entire time it was not dark where we were standing. There was still another light on the playground.
> Q: How much of an opportunity did you have to see the face of Mr. Johnson?

A: One hundred percent he is the one that went through my pockets. He was right in my face, frisked me and went through my pockets. And then when I asked for my phone, he retorted back to shut the fuck up and don't move.

* * *

Q: And you are certain that that is the person who had just robbed you?

A: The one that went through my pockets, yes, ma'am. He did not have the gun. He is the one who went through my pockets. Yes one hundred percent. Yes.

{¶22} As previously stated, police found Johnson near the scene of the crime, and Thomas identified him as one of the perpetrators within minutes. Catalani's description of Thomas's reaction during the cold-stand identification also weighs in favor of her positive identification. He testified:

A: I advised Ms. Thomas that I wanted her to look at somebody and tell me if she recognized him. I walked her over. She observed the male and advised me that's him. One hundred percent sure that's him.

* * *

As soon as she saw him, she immediately began to say, that's him, how could you do that to me. She became very excited. I advised her to calm down, take a breath. And then I asked again, could you please just make sure. Are you sure this is the guy? She said, yes. He went through my pockets. This is the guy.

Although Johnson denied knowing anything about the robbery, the record is replete with credible evidence that Johnson was involved in these crimes.

{¶23} Johnson was also convicted of kidnapping in violation of R.C. 2905.01(A)(1), which states that "[n]o person, by force [or] threat * * * shall * * * restrain the liberty of another person * * * to facilitate the commission of any felony."

Here, Thomas testified that Johnson and his accomplice restrained her with a gun in order to commit a theft offense. Johnson verbally demanded that she be quiet and ordered her not to move. Therefore, there is sufficient evidence to support the kidnapping conviction.

{¶24} Johnson does not dispute that Thomas was kidnapped and robbed at gunpoint. He claims she has misidentified him as one of the culprits. However, as previously explained, Thomas's positive identification of Johnson is reliable and credible. Therefore, the kidnapping conviction is also supported by the manifest weight of the evidence.

{¶25} Finally, Johnson was convicted of two firearm specifications in violation of R.C. 2941.145, which required proof that "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." As previously stated, although there was no evidence that Johnson held the firearm, he nevertheless had control over it pursuant to the complicity statute because there was credible evidence that his accomplice used a firearm to commit the robbery. *Quarterman*, 2013-Ohio-4307 at ¶ 18; R.C. 2929.03. Therefore, the firearm specifications are also supported by both sufficient evidence and the manifest weight of the evidence.

{¶26} The second and third assignments of error are overruled.

**Sentencing**

{¶27} In the fourth assignment of error, Johnson argues the trial court erred by sentencing him to consecutive prison terms without making the findings required under R.C. 2929.14(C)(4). However, the trial court sentenced Johnson to three years incarceration for aggravated robbery and three years incarceration for kidnapping, to run concurrently. Each conviction included a three-year firearm specification, pursuant to R.C. 2941.145. Under 2929.14(B)(1)(a)(ii), a court must impose a three-year prison term upon an offender who is convicted of a felony and an attendant firearm specification under R.C. 2941.145. Additionally, the mandatory three-year firearm specification must be served consecutively to any prison term imposed for the underlying felony. R.C. 2929.14(C)(1)(a). Therefore, the findings set forth in R.C. 2929.14(C)(4) are inapplicable here. The court properly ordered the three-year mandatory prison sentence for the firearm specifications to run consecutive to the underlying offense.

{¶28} The fourth assignment of error is overruled.

**Merger of Allied Offenses**

{¶29} We nevertheless find plain error in the trial court's failure to merge the aggravated robbery and kidnapping convictions for sentencing as required by R.C. 2941.25. Many courts have merged kidnapping and aggravated robbery convictions where the defendant restrained the victim while robbing him. *State v. Walker*, 8th Dist. Cuyahoga No. 94878, 2011-Ohio-1556, ¶ 41. In *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), the Supreme Court explained: "[W]hen a person commits the crime

of robbery, he must by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery." *Id.* at 131. In a later case, the Ohio Supreme Court stated that "implicit within every robbery (and aggravated robbery) is kidnapping." *State v. Jenkins*, 15 Ohio St.3d 164, 198, 473 N.E. 2d 264 (1984), fn. 29. For this reason, we have, sua sponte, found error in the trial court's failure to merge aggravated robbery and kidnapping convictions at sentencing. *See State v. Walker*, *supra*; *State v. Havergne*, 8th Dist. Cuyahoga No. 95090, 2011-Ohio-935.

**{¶30}** In this case, Johnson restrained the victim to rob her. Although the court imposed concurrent sentences for the aggravated robbery and kidnapping convictions, "it is plain error to impose multiple sentences for allied offenses of similar import, even if the sentences are run concurrently." *Walker* at ¶ 42, citing *State v. Crowley*, 151 Ohio App.3d 249, 255, 2002-Ohio-7366, 783 N.E.2d 970 (10th Dist.). Therefore, the trial court should have, sua sponte, merged the kidnapping and aggravated robbery convictions for purposes of sentencing.

**{¶31}** Judgment affirmed in part, reversed in part, and remanded to the trial court for the limited purpose of merging the allied offenses and to allow the state to select the merged offense for resentencing.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR