[Cite as *State v. Morton*, 2014-Ohio-1434.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100267

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARIUS MORTON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-571985

**BEFORE:** Boyle, A.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

[Cite as *State v. Morton*, 2014-Ohio-1434.]

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road
#613
Cleveland, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Shannon Millard
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

[Cite as *State v. Morton*, 2014-Ohio-1434.]
MARY J. BOYLE, A.J.:

{¶1} Appellant, Darius Morton, appeals his conviction for possession of a controlled substance for which he was sentenced to one year of community control. Appellant claims his attorney was constitutionally deficient, mandating a new trial. After a thorough review of the record and law, we disagree and affirm his conviction.

## Procedural History and Factual Background

{¶2} Appellant was charged with one count of drug possession in violation of R.C. 2925.11(A). He pled not guilty, and the case proceeded to a jury trial on June 17, 2013, where the following facts were presented.

{¶3} Appellant was driving in Cleveland, Ohio, with two passengers in the car. Officer Aaron Reese of the Cleveland Police Department observed appellant commit a minor traffic violation when appellant turned without signaling. Officer Reese instigated a stop of appellant's vehicle. Appellant provided his driver's license and, upon entering information into the police computer system, Officer Reese learned that appellant had a suspended driver's license. Officer Reese indicated that driving with a suspended license was a violation of Cleveland Codified Ordinances 435.07, a first-degree misdemeanor. Officer Reese then asked appellant to exit the vehicle, and appellant was placed under arrest.

{¶4} A subsequent search of appellant's person revealed a single pill in a plastic bag. Based on the size, color, and markings on the pill, Officer Reese believed it to be methylenedioxy-methamphetamine ("MDMA"), better known as ecstacy. Officer Reese indicated the search he conducted was done because appellant was under arrest.

{¶5} A technician working at the Cuyahoga County Regional Forensic Science Laboratory, Nicole Pride-Allen, testified that the pill was not, in fact, MDMA. It was actually benzothiophenylcyclohexyl ("BTCP"), a schedule one controlled substance that is one of a number of different drugs sold as ecstacy.

{¶6} At the close of trial, the jury found appellant guilty of one count of drug possession. The trial court ordered a presentence investigation report at appellant's request and set sentencing for July 17, 2013. On that date, the court heard from appellant, his attorney, and the state. The court then ordered appellant to be placed on community control for one year and suspended his driver's license for six months. Appellant then appealed to this court assigning one error:

> [Appellant] was deprived effective assistance of counsel, by trial counsel not objecting to the search of his person, absent probable cause, thereby preventing the exclusion of the fruit of the illegal search.

## Ineffective Assistance of Counsel

**{¶7}** Appellant claims that trial counsel failed him by not filing a motion to suppress the evidence discovered during an illegal search of his person. This court has recently set forth the appropriate standard in a similar case:

> To establish ineffective assistance of counsel, a defendant must show that counsel's representation "fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18 (2002), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694.

*State v. Johnson*, 8th Dist. Cuyahoga No. 99656, 2013-Ohio-5430, ¶ 8 (dealing with the failure to file a suppression motion for a witness identification that did not comply with R.C. 2933.83).

**{¶8}** Here, appellant argues that a suppression motion would have undoubtedly changed the outcome of the case because the search incident to his arrest was improper.

**{¶9}** The Fourth Amendment generally prohibits unreasonable searches and seizures with limited exceptions. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Searches conducted outside these exceptions and without the benefit of a warrant are per se unreasonable.

*Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The United States and Ohio Supreme Courts have recognized that a motor vehicle stop based on the observance of a traffic violation is reasonable even where the officer performing the stop possesses an ulterior motive. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Dayton v. Erickson*, 76 Ohio St.3d 3, 1996-Ohio-431, 665 N.E.2d 1091.

{¶10} These holdings mean the present case is distinguishable from others where this court has found ineffective assistance in failing to file a suppression motion based on a search that exceeded the lawful parameters of a stop. *See, e.g., State v. Jenkins*, 8th Dist. Cuyahoga No. 91100, 2009-Ohio-235. Here, the stop was based on the observance of a traffic violation. It was then immediately discovered that appellant's driver's license had been suspended. Appellant was lawfully placed under arrested and searched incident to that arrest.

{¶11} This type of exception to the warrant requirement "allows officers to conduct a search that includes an arrestee's person and the area within the arrestee's immediate control. This exception 'derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations.'" (Citations omitted.) *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 11. Officer Reese found the pill while

searching appellant's person after placing him under arrest. This fits squarely within the search-incident-to-arrest exception.

**{¶12}** Contrary to appellant's arguments, the stop was not impermissibly prolonged, and the search did not exceed the parameters of permissible actions of the state in subjecting a person to a search. This case is very similar to *Erickson,* and it dictates that any suppression motion would not have been successful because the stop was reasonable. The pill found as a result of the search incident to a lawful arrest was not unlawfully obtained by the police, and trial counsel was not ineffective for failing to file a futile motion.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR

[Cite as *State v. Morton*, 2014-Ohio-1434.]